GERALDINE N. BUTLER, as Substituted Trustee of the Estate of AMES W. HOWLETT, Deceased, Plaintiff, *v.* EUGENE G. FOSTER, and Others, Defendants.

Supreme Court, Onondaga County, July 19, 1935.

*Lionel O. Grossman,* for the plaintiff.

*Bronson Goddard* and *Philip W. Russell,* for the defendants.

CREGG, J.   This is a motion made by the defendants, constituting the firm of Foster & Adams, to dismiss the complaint on the ground that the cause of action set forth therein is barred by the Statute of Limitations.

The allegations of the complaint, so far as they are material to this motion, are as follows: That Foster & Adams are stockbrokers and members of the New York Exchange; that Ames W. Howlett died in 1915 and left him surviving his widow and three infant children; that in and by the terms of his will he named Arthur A. Costello executor and trustee and 'directed him to invest and reinvest his personal property and to pay the net income therefrom to his widow during her lifetime and upon her death to divide the remainder of his estate among his children or their heirs; that Costello died in November, 1932; that between June, 1919, and October, 1923, the said Arthur A. Costello, as executor and trustee, illegally dissipated the funds of the estate in speculating, through Foster & Adams, upon the stock market in his name as such executor; that such investments were illegal and contrary to the express terms of the trust; that such illegal investments were made with full knowledge on the part of Foster & Adams and that by reason of the foregoing $84,000 of said estate was dissipated and lost to the widow and children.   One of the children is not yet of age.

Certainly the deceased executor, if he were living, would be made to account for his illegal acts and the Statute of Limitations would not protect him.

The question raised here is whether or not the defendants, if they knowingly aided and assisted Arthur A. Costello, the nominated trustee of the express trust, to fraudulently dissipate the trust funds, can now invoke the Statute of Limitations in order to deprive the innocent *cestuis que trustent* from what rightfully belongs to them. The complaint in this action, although somewhat loosely drawn, sets forth sufficient facts, if proven on the trial, to make a *prima facie* case against said defendants.

In my opinion the defendants should be considered in equity as express trustees of an expressed trust and in that event the Statute of Limitations does not protect them. (*Harrison* v. *Schultz*, 240 App. Div. 13; *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Fidelity & Deposit Co. of Maryland* v. *Queens County Trust Co.*, 226 id. 225.)

This opinion is not intended to prevent the defendants from invoking the Statute of Limitations as a defense on the trial, if the facts developed are different than I assume.

Order may be entered denying defendants' motion to dismiss the complaint.